The President of the United States and the Court of Appeals in and for the 7th Judicial Circuit. Hear ye, hear ye, hear ye. All persons having business before this Honorable Court are admonished to draw near and give their attention as the Court is now sitting. God Save the United States and this Honorable Court. Good morning, everybody. We are here today for oral arguments. We're going to begin with Appeal No. 22-2067, Hirlston v. Costco, and we're going to start with oral argument from Attorney Maddox. Good morning, Your Honors. Good morning. May it please the Court, my name is Jamie Maddox, and I represent Plaintiff Appellant Karen Hirlston. The jury verdict in this matter should be set aside because the errors that occurred at the trial are compounded by each other. Specifically, the jury was given an instruction that was contrary to law, which led to confusing and misleading jury verdict forms. Further, the photographs, which lacked a proper foundation and were admitted over the objection of Ms. Hirlston's counsel, allegedly showed how the accommodations proposed by Ms. Hirlston would not work. Ms. Hirlston's request for an accommodation caused Costco to then retaliate against her. The retaliation claim should have been analyzed separately from other claims. However, it was not. As to Final Jury Instruction No. 19, both parties agreed to the language in the Final Jury Instruction, and as did the District Court. The District Court confirmed that the language would be changed, but it never was. The parties agreed that the following language would be omitted from Jury Instruction No. The court omitted the language at the November 15th job assessment meeting, but did not omit she proposed. Tell us how you believe those two words so drastically affected the jury's deliberations. We believe it drastically affected the jury's determination because the standard for a disparate impact claim or failure to accommodate is whether or not, in this case Ms. Hirlston, could perform her, was qualified to perform her job duties with or without an accommodation. What the law says is that both the employer and the employee here, Costco and Ms. Hirlston, must work together and both propose accommodations. But the language she proposed puts the onus directly on only Ms. Hirlston, that she should have only been the one to propose accommodations. Ms. Maddox? Go ahead. How are we to view that when we have three other jury instructions by my count that stress the importance of the interactive process and Costco's role in the process? So 17, 20, and 21. Should we just ignore that? Is it that 19? How do we view those together? Sure, Your Honor. What I think is important is to look at the final jury instruction number 19 and their verdict forms together because the question that the jury answered, the one and only question, was Ms. Hirlston qualified to perform her job duties, period. So I think final jury instruction number 19 really goes to that to show that number 19 and the jury verdict form should be the same and that it's directly, it's put on Ms. Hirlston in order to come up with those proposed accommodations where what the jury heard the entire time was that Costco did accommodate her. We don't agree that they did accommodate her, but Costco's argument throughout the entire trial was that they accommodated her by putting her on a leave of absence. And so by hearing jury instruction number 19, the jury only looked to see whether the accommodations that Ms. Hirlston proposed would work and not whether Costco proposed any accommodations. So that I understand this correctly, Costco did not propose and the jury didn't hear evidence of any accommodations that Costco believed would allow her to continue as the optical manager. Is that correct? Well, what Costco proposed was a leave of absence, which they said. Would you answer my question, please? And can you repeat your question, please? I'll try. Did Costco propose and did the jury hear evidence of any accommodation that Costco proposed that would have allowed Ms. Hirlston to continue as the optical manager? No, they did not. Okay. I understand your point in the abstract that if a jury were told, in essence, you may consider only accommodations that the plaintiff proposed, that would be a problem in general and in other cases. What I don't see is why it's a problem here, where the only accommodations that were before the jury to keep her in that job were those that, quote, she proposed. Well, we would disagree because several times throughout the trial, in the closing, in the everyone said, yes, we accommodated Ms. Hirlston. Yeah, that's kind of nonsensical, though, right? I mean, it's not accommodating her in the position of optical manager. It might be an accommodation to keep her employed by Costco, but we'll discuss that with the other counsel. Well, and we would- But on the jury instruction question, it's hard for me to see prejudice to your client if the only accommodations in front of her, of the jury, were the ones she proposed. Well, and I think looking at it from a juror's perspective, who doesn't deal with these final instructions day in and day out during trials, you know, they were told over and over and over again, yes, we accommodated her, yes, we accommodated her, yes, we accommodated her. And so when they look at the jury instruction, they're like, oh, wait, hold on. We can only look at what she proposed. And so I think that's what's important. Okay. I'll stop trying on that one. Is it correct, Ms. Maddox, that you or your co-counsel did say on the record when the court provided its closing, its final instructions, that you were looking at number 19 and you had no objections? Yes, that would be correct, but to put it in perspective, as we received those final jury instructions at 1119 a.m., we went back on the record at 1120. At that time, the only jury instruction that was at issue was what became final jury instruction number 20. And so that's what we were focused on and Ms. Spock. I understand it was a mistake and I understand you were rushed and I know trial judges want to get cases to the jury and there's a lot of pressure on everybody, but is it correct that the record, just reading the record, says you approve 19? That is correct, but what we would say is that regardless, we also have the plain error doctrine that if we did not object, there is still the opportunity if it affected substantial rights. Could, go ahead. Thank you, Your Honor. As I stated before, Costco contends that it did not offer any reasonable accommodations now, but during the trial, several times, they did state that they were giving, that they provided a reasonable accommodation. And we believe if Costco, as the employer and a party to this case, was confused on what accommodations were made and what accommodations were not made, then we believe that the jury was confused and misled as far as what accommodations were given or not. And we believe because the jury determined whether Ms. Hurlston was qualified under the ADA based on whether a reasonable accommodation was proposed or existed regardless of who proposed it. And because the jury ultimately found that Ms. Hurlston was unqualified, the inclusion of the phrase she proposed was a plain error of law. And I see my time is running low, and if it's okay, I'll save the remaining seven minutes for rebuttal. If you want to address any of the other issues, now is the time. Sure. As far as the jury verdict forms, I touched a little bit on that. We believe number 19 and the verdict forms go together, and Ms. Hurlston's counsel was not afforded an opportunity to object on the record. But there's a clear procedural error under 51B here, but the question is whether there's any prejudice. And your argument seems to be that the question on the verdict form needed to include much more of the content of the instructions rather than just assuming the jury's going to read that question in light of the instructions. That's correct. We believe that the question should have asked, was Ms. Hurlston qualified to perform her job duties with or without a reasonable accommodation, as that's what the law provides for, is whether she can do her job duties with or without a reasonable accommodation. And we believe... And the jury was instructed on that, correct, with or without an accommodation? They were instructed on that. Can you tell us more then about prejudice? How exactly was the jury misled as to the appropriate law? You've identified what you say is the error, but we've also got to see prejudice here. Well, the prejudice is that they did not get past question number one. They answered no, and we were done. And so we believe that including the language with or without reasonable accommodations would have gotten them to the next question, which we never got to do. So we believe the prejudice is Ms. Hurlston ultimately lost her jury verdict because of that question, because the language with or without a reasonable accommodation was not included. And we objected prior to the verdict forms being finalized that we wanted it to track the instructions and it did not. Is your evidence of prejudice really just the unfavorable jury verdict? It is part of the unfavorable jury verdict. There were misstatements of fact and law made as far as law, though, with or without accommodations or she proposed were not included. You know, misstatements of fact, whether or not there was a reasonable accommodation, whether Costco believed that or not. So we believe that all goes to prejudice for Ms. Hurlston and that, you know, her rights were substantially affected because of the confusing and misleading jury instructions and verdict forms. Could you reserve the remainder of your time? Yes, please. Thank you. Thank you. We'll now hear from Ms. Seldin. Good morning. Karen Seldin on behalf of Costco. The court should affirm the judgment because plaintiff has established neither plain error nor prejudice with respect to any of the three rulings that she challenges on appeal. I'll first start with the jury instruction and then I'll address the verdict form and time permitting for the two photographs. So instruction 19 defined whether plaintiff was qualified for the optical department manager position and plaintiff contends that the she proposed language was in error. But as your honors pointed out, she can't establish any prejudice here for a couple of reasons. One, the only set of accommodations that were before the jury were the ones that plaintiff proposed. And that's because Costco determined after reviewing the medical restriction form, after reviewing the job description, and after going through the accommodation meeting process that there were no accommodations that would allow Ms. Hurlston to perform the job. And plaintiff didn't deduce evidence of any other unproposed accommodations that the party should have considered. And so the universe of accommodations would remain the same whether the she proposed language was in there or not. So setting aside that there isn't any plain error here, plaintiff simply can't establish prejudice. Now, plaintiff talked extensively about the leave of absence, but I think plaintiff is confusing two things here. Question 19 is about whether she was qualified for the optical department manager role. And as I said, Costco determined that she wasn't and so Costco did the next best thing, which is to offer her a leave of accommodation. So it's entirely consistent, and Costco's position has been all along, that she couldn't perform the manager job and so the only reasonable accommodation was to put her on a leave of absence until she could find a suitable position, which she did in the hearing aid department less than a year later. And so those are two entirely different things. And with respect to the interactive process and whether the jury was misled on that, as I said, there were three other instructions that fully apprised the jury as to what Costco's interactive process obligations were. So there was absolutely no confusion with respect to that issue. And on the, just quickly on the timing of when plaintiff received the instructions, I would direct the court to the record. The district court gave out hard copies of these instructions. It wasn't just that they were emailed minutes before. How long were the hard copies given out in advance of the email? So if you look at the supplemental appendix at page 215, you'll see the court directing her clerk to give out hard copies at 1043 a.m., and then the parties recessed, and then they went back on the record and discussed the instructions until 1136, and that's in the record at page 229. So that's almost an hour that plaintiff had two lawyers in the room who could have evaluated the instructions or at least objected that they needed more time. And the email was 1119? I believe so. The exact timing of that is not in the record, Your Honor. Okay, thank you. And then turning to, unless Your Honors have questions on the instructions, I'll turn to the verdict form. You're correct, Your Honor, that the parties didn't see the very final version of the verdict form before it went to the jury. But that technical violation, we submit, wasn't plainly erroneous and it wasn't prejudicial for a couple of reasons. The question that's at issue here, question one, which is whether plaintiff was qualified, remained the same throughout. The district court didn't make any... The way it's set up, though, on that form is that, as counsel pointed out, it doesn't ask about accommodations until after the question, is the person qualified? That's correct, Your Honor, and that's... It does seem like it could invite some confusion. Well, we don't think so because the term qualified is specifically defined in Instruction 19, and in Instruction 19, the magic words, with or without reasonable accommodation, are there. Not only that, in closing arguments, both plaintiff's counsel and Costco's counsel explicitly told the jury that for plaintiff to be qualified, she had to be able to perform the job with or without reasonable accommodations. And in fact, Costco's counsel gave the jury a roadmap in its closing. It said, the key question is whether Ms. Holston could perform the essential functions of her job either with or without reasonable accommodation. The answer to that question must be she was not. And if you agree, then you're asked to complete the jury verdict form on this question, and we ask you to return a verdict for Costco. So there was a clear roadmap for what qualified meant and what the jury should do with the confusion there. Ms. Seldon, one of the things that's troubling about this case is that apparently, Ms. Holston was performing her job successfully as an optical services manager, right? The department was successful. That is correct. But what came out during the accommodation meeting was that she had been trying to work around her restrictions for years. Which is perfectly normal, right? I realize you guys may not be happy about it, but in essence, we had a status quo that was working for everybody. And it's only then when she asks, comes in with the very restrictive specific limitations from her doctor and asks for formal accommodations in this remodeling process that everything blows up. And Costco, as an employer, once it's alerted to an employee's restrictions, and in this case, they were quite severe, it can't allow its employees to exceed their restrictions and do things that their doctor tells them they can't do. Yeah, it sometimes seems like there ought to be an interactive process that's three-way with doctor, employee, and employer. And that might be appropriate in some cases. I think here, the form being so clear and saying she could never bend or never stoop and with the restrictions on the lifting and the standing, there was really no question that she was not performing the job. And in fact, she said that she would just ask other people to lift for her. Or that she would just not do certain things. Like if a customer was in front of her and she was having pain, she would sit down. So in some ways, she was not performing her job up to standards. But at some point, she does come in and say that her restrictions really aren't as severe as the doctor's note would lead one to believe. That she can work beyond her restrictions. Was she then given an opportunity? Or did she have the opportunity to get a revised doctor's note at that point? Because I think the interactive process was still open at that point. That's correct, Your Honor. Even during the meeting, and I think there's testimony in the record from Ms. Fraser on this, they were trying in the meeting to really figure out, really? You can't bend at all? How do you sit? They were essentially trying to get her to clarify her doctor's note. And it did eventually happen. There was a second job assessment meeting several months later in which she said, my doctor thinks I might be able to do more. At which point, she was invited to submit another note, which she did. And based on that revised note, which loosened some of the no bending restrictions, they were able to put her in that hearing aid assistant position. So the interactive process continued for over a year. And then she was put in that position and she was promoted. And then ultimately, she had to take an unrelated leave of absence. But it wasn't that Costco said, OK, we're done with this meeting. We're done with you. It wasn't like that. And just veering back to the verdict form, the issue about the jury not being able to follow without the instructions being in there, I just wanted to point out that plaintiff's form, the one that they were proposing, was very short. It didn't have any of the jury instructions listed. And in fact, plaintiff's counsel, when advocating for her version of the form, said, you don't need the jury instructions in the verdict form because the jury is admonished to follow them. So at the same time that plaintiff was saying that Costco's form was too long, she was also saying Costco's form was too short, her position sort of flipped back and forth. And so we submit that the district court did the right thing and committed no plain error with respect to the verdict form. I'm happy to answer any questions the court may have on the photograph issue, which I know plaintiff's counsel didn't address. I don't think so. OK, well, thank you very much, Your Honors. Thank you, Ms. Selden. We'll now move over to Ms. Baddocks for you for rebuttal argument. To follow up on a couple of the points that Ms. Selden was trying to make, the only thing that the jury heard was that Costco did provide an accommodation. There are several times in the record where they repeatedly state not only their counsel during opening and closing and in the issue instruction, but also by their witnesses. For example, in the record on 1096, Ms. Frazier says, well, the question was, what happens if the employee can't be accommodated? Well, we accommodate them with a leave of absence. Another time, and since an accommodation is meant to help a disabled employee perform their job functions, a leave of absence isn't really a job accommodation, is it? And Ms. Frazier answered, yes, it is. There were several other times Mr. Donaldson, the warehouse manager, said that a leave of absence is a reasonable accommodation. And there was other points in the record on SA-192, SA-193, SA-233, and A-1158, where either their counsel or their witnesses state, yes, it's a reasonable accommodation. Right. But it's not an accommodation that lets her do the job. And that's the question that is the focus of the instruction and of the first question on the verdict form, right? Yes. And I think what one must do is put themselves in the position of the jury, and they're saying, well, was she qualified? Well, she couldn't do it. They're claiming she can't live. They didn't give her an accommodation of a grabber. They didn't give her any accommodations. Thus, she was not qualified. So I think the important part is the with or without a reasonable accommodation language and take out in the verdict form and take out the she proposed language in the jury instruction. And I know Ms. Selden stated that qualified to perform job duties was defined in jury instruction number 19. So they had it because it says with or without a reasonable accommodation. But that goes back to the language that was in there that neither party agreed to. And the court stated that they would take out what she proposed. So the jury was only looking at what Ms. Hurlston proposed. Ms. Selden also, and I believe the question was about a three-way interactive process that you stated, Judge Hamilton, they actually do have a third party they use called briotics that they bring in in order to have a third party say, what's going on? I think in this position, in this instance, it was important to have that third party because as Ms. Selden stated, they're asking, well, no bending, how do you sit? And I think that what Ms. Hurlston kind of got flabbergasted about during the reasonable accommodation is like, I can sit. And so I think it's important to know that she was saying, no, I can absolutely sit. And they're saying, no, you can't bend. And I think that's the part as the employer, it's important for them to say, well, maybe we should get a third party in here. And she mentioned about the interactive process going on for a year. She was finally able to apply for a job. And so that's when it was done in April of 2016. And at that time, that's when she was given a demotion to the hearing aid department. And it is a demotion. Can you speak to the pay difference? Is it about $13,000? I believe it was about between $13,000 to $15,000 per year. And there was a difference in benefits. As a manager, you got certain benefits compared to an hourly employee. And I just want to make sure I've covered all her points. Um, we believe that here in this situation, the jury verdicts on the disparate claim and the failure to accommodate claim, as well as the court's verdict on the retaliation claim should be reversed and remanded back to the district court for a new trial. Thank you very much, Ms. Maddox. Thank you very much, Ms. Selden. The case will be taken into revised.